# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**SANDRA MARIE BOWEN,**

        Petitioner,

v.                                **Civil Action No.:2:19cv17**
                                     **(Judge Bailey)**

**WARDEN ENTZEL,**

        Respondent.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On February 25, 2019, Sandra Bowen ("Petitioner" or "Defendant"), acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"). The Petitioner is a federal inmate housed at SFF Hazelton and is challenging the validity of her conviction in the United States District Court for the District of Arizona. The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

### II.    BACKGROUND[1]

On June 9, 2009, the Petitioner was charged in an indictment with conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. § 846 and

---

[1] Unless otherwise noted, the information in this section is taken from the Petitioner's criminal docket available on PACER and all ECF numbers are from that case. See United States v. Bowen, CR 09-679 (DAZ). Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vii). The indictment included forfeiture allegations pursuant to 21 U.S.C. § 853. ECF No. 16. On June 30, 2009, the Petitioner was charged in a First Superseding Indictment with additional co-defendants. On December 15, 2009, a Second Superseding Indictment was filed charging the Petitioner with Conspiracy to Possess 1,000 or more kilograms of Marijuana in violation of 21 U.S.C. § 846, Possession of Marijuana with Intent to Distribute in violation of 21 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vii), Conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. § 1956(h), Laundering of Monetary Instruments in violation of 18 U.S.C. 1956(a)(1)(A)(i), (B)(i)-(ii), Conspiracy to Destroy or Remove Property to Prevent Seizure in violation of 18 U.S.C. § 2232(a) and forfeiture allegations pursuant to 18 U.S.C. § 982(a)(1),(b)()l 21 U.S.C. § 853; and 28 U.S.C. § 2461(c). ECF No. 109.

On May 26, 2010, the Petitioner pleaded guilty to Conspiracy to Possess 1,000 kilograms or More of Marijuana with Intent to Distribute, a Class A felony offense (Count 1- 21 U.S.C. § 846), Conspiracy to Launder Monetary Instruments, a Class C felony offense  (Count 3-18 U.S.C. § 1956 (h)), and admitted to the forfeiture allegations in the Second Superseding Indictment.  ECF Nos. 194, 195.  On November 17, 2010, the Petitioner was sentenced to serve 216 months of imprisonment on Count 1 and 216 months on Count 3 to run concurrently, to be followed by five years of supervised release on Count 1 and three years of supervised release on Count 3 to run concurrently. ECF No. 322.

The Petitioner did not appeal. However, on December 16, 2011, the Petitioner filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §

2255. ECF No. 351. On January 3, 2012, the Petitioner filed an Amended § 2255 Motion. She alleged two grounds for relief:

1. Her defense counsel were ineffective because they failed to file a Motion to Suppress based on an illegal vehicle search incident to arrest under <u>Arizona v. Gant</u>, 556 U.S. 332 (2009).

2. Her defense counsel were ineffective because they failed to warn her before she entered her guilty plea that, as a non-citizen, she could suffer deportation consequences as a result of her conviction, and she learned about these consequences only after pleading guilty when the Immigration and Naturalization Service initiated proceedings against her on September 28, 2011.

On May 15, 2013, the United States Magistrate Judge entered a Report and Recommendation which recommended that the Petitioner's Amended Motion pursuant to 28 U.S.C. § 2255 be denied and dismissed. With respect to the claim regarding counsel's failure to advise her of the deportation consequence of her guilty plea, the Magistrate noted that at the Rule 11 hearing, when counsel advised that the Petitioner was not a citizen of the United States, the Court stated:

> In addition to the penalties I have already mentioned, Ms. Bowen, do you understand that you will likely suffer adverse immigration consequence as a result of your conviction for these crimes? Specifically, upon your release from prison, you will be turned over to Immigration and Customs Enforcement for deportation proceedings.

ECF No. 353 at 20.

The Petitioner replied, "yes, Your Honor." <u>Id.</u> On July 24, 2013, the District Judge denied the Petitioner's Amended Motion pursuant to 28 U.S.C. § 2255. ECF No. 356.

3

Thereafter, the Petitioner filed a second Motion to Vacate pursuant to 28 U.S.C. § 2255 on August 26, 2013. ECF No. 358. Because the Petitioner had not obtained permission from the Ninth Circuit to file a second § 2255 motion, the Court dismissed the case without prejudice so that she could seek certification from the Ninth Circuit Court of Appeals if she so chose. ECF No. 359.

On June 9, 2016, the Petitioner filed yet another Motion pursuant to 28 U.S.C. § 2255 challenging her two point enhancement because she had a gun case during the commission of her crime. In support of her Motion, she relied on Johnson. ECF No. 391.  Because the Petitioner had failed to obtain permission from the Ninth Circuit before filing this successive motion, the district court denied the Motion and dismissed the civil action without prejudice. ECF No. 394.  On June 27, 2016, the matter was transferred to the Ninth Circuit as an application to file a second or successive petition. The Ninth Circuit found that the Petitioner was not entitled to authorization to challenge the application of U.S.S.G. § 2D1.1 under Johnson. See Bowen v. United States, No. 16-72122 (9th Cir. June 30, 2017).

Finally, on June 29, 2016, the United States and the Petitioner, by counsel, filed a Joint Recommendation for *Sua Sponte* Reduction of Sentence Under 18 U.S.C. § 3582(c)(2). ECF No. 395. The recommendation was based on Amendment 782 to the U.S. Sentencing Guidelines.  On July 11, 2016, the Court entered an Amended Judgment reducing the Petitioner's previously imposed sentence of imprisonment of 216 months to 173 months, which consisted of 173 months on Count 1 and 173 months on Count 3, said counts to run concurrently. ECF No. 397.  According to the BOP inmate locator, the Petitioner's current projected release date is February 6, 2022.

4

## III. STANDARD OF REVIEW

### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### A. Pro Se Litigants

As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the Respondent.

## IV. CLAIMS OF THE PETITION

The Petitioner alleges that the act for which she was convicted is no longer a crime. In support of her allegation, the Petitioner relies on <u>Lee v. United States</u>, 137 S.Ct. 1958 (2017), a case in which the Supreme Court found that Lee had demonstrated that he was prejudiced by his counsel's erroneous assurance that he would not be deported as a result of pleading guilty. The Petitioner maintains that <u>Lee</u> is a substantive non-constitutional Supreme Court interpretation that is retroactively applicable to her case. She further alleges that like <u>Lee</u>, she did not have a plea agreement that speaks to immigration consequences, nor was she advised on those consequences at the Rule 11 hearing. ECF No. 1-1 at 5. For relief, she is requesting an evidentiary hearing to allow her to demonstrate that the <u>Lee</u> case is applicable to her on collateral review.

## V.     ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. <u>Rice v. Rivera</u>, 617 F.3d 802, 807 (4th Cir. 2000); <u>In re Vial</u>. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions

pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law' has been "made retroactive to cases on collateral review by the Supreme Court." Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. In re Vial, 115 F.3d at 1194, n.5; In re Jones, 226 F.328, 333 (4th Cir. 2000.) However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. Id.

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, a petitioner asserting "actual innocence" may establish "that

7

§2255 is inadequate or ineffective to test the legality of a conviction" if she can prove:

> (1) at the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; **and** (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones at 333-34 (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)).  In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions."  Id. at 428.  When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added).  The Fourth Circuit further specified that a change of the substantive law within the circuit, not solely in the Supreme Court, would

be enough to satisfy the second prong of the four-part test established in Wheeler.  Id.

Although Petitioner has raised the savings clause, she is not entitled to its application. Even if she satisfied the first and third elements of Jones, the crimes for which she was convicted remain criminal offenses, and therefore, she cannot satisfy the second element of Jones.  Moreover, even if the Court were to entertain her petition, which, in effect, argues ineffective assistance of counsel, it is clear she would not be entitled to relief. Despite her assertion to the contrary, she was specifically advised at her Rule 11 hearing that she would face deportation proceedings as the result of her conviction, and she acknowledged that fact. Therefore,  she cannot satisfy the requirements of Strickland v. Washington, 466 U.S. 668 (1984).

Furthermore, although not raised in her petition, the attached memo appears to challenge her sentence as a violation of the plea agreement. In particular, the Petitioner maintains that pursuant to the plea agreement, the parties stipulated that for purposes of calculating the applicable sentencing guideline range, she would be deemed responsible for a quantity of marijuana that results in a base offense of 34.   However, according to the Petitioner, her Base Offense Level was increased to 36 based on a gun enhancement, and the gun enhancement should have been placed in the appropriate category of Special Offense Characteristic. Therefore, she argues that the plea was violated and should be thrown out, allowing her to begin anew.

.	The undersigned has been provided a copy of the PSR, and her Base Offense Level based on the marijuana trafficked during the conspiracy was 34. However, because a firearm was possessed during the offense, a two-level adjustment was made under U.S.S.G. § 2D1.1(b)(1).  Accordingly, her Base Offense Level was established at

36. However, regardless of whether the gun offense was used to calculate her Base Offense Level or placed in the Special Offense Characteristics, the resulting Total Offense Level would be unchanged, and her advisory guideline sentence would have been the same. Therefore, the Petitioner cannot satisfy either the second, third or fourth prong of Wheeler.

Furthermore, even if the Court were to determine that there was an error in the calculation of the Petitioner's sentencing guidelines, she still could not meet the fourth element of the Wheeler test, which requires a showing that due to a retroactive change in the law, her sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018).  In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory. Id. at 714.  In particular, the undersigned notes that the Petitioner was sentenced post-Booker, and therefore, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id.  When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. "[T]he savings clause should provide only the tightest alleyway to relief.  Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716. Because the Petitioner was sentenced under the post-Booker, advisory Guidelines, regardless of whether this was a misapplication of those guidelines, the law in this Circuit makes clear that she cannot satisfy the fourth

10

Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Because the Petitioner cannot satisfy the savings clause of § 2255(e) under either Jones or Wheeler, her claim may not be considered under § 2241, and this Court is without jurisdiction to consider her petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

The Petitioner shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United

States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

**DATED**: September 23, 2019

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE