# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**SANDRA MARIE BOWEN**,

      Petitioner,

v.                                            **CIVIL ACTION NO. 2:19-CV-17**
                                                 **(BAILEY)**

**WARDEN ENTZEL**,

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James P. Mazzone [Doc. 7]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on September 23, 2019, wherein he recommends that petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right

1

to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Petitioner timely filed her Objections[1] on October 11, 2019 [Doc. 9]. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

Petitioner does not object to Magistrate Judge Mazzone's recitation of the factual and procedural background. In sum, petitioner is challenging the validity of her conviction in the United States District Court for the District of Arizona and alleges that the "act for which [she] was convicted is no longer a crime" [Doc. 1 at 5]. In support of her claim, petitioner relies on **Lee v. United States**, 137 S.Ct. 1958 (2017), a case in which the Supreme Court of the United States found that the petitioner had demonstrated that he was prejudiced by his

---

[1] This Court notes there is some indication that these Objections were not actually filed by petitioner. The envelope the Objections came in has a Saint Petersburg, Florida, postmark [Doc. 9-1]. As petitioner is in SFF Hazelton in Bruceton Mills, West Virginia, it seems apparent these Objections did not come from her. Federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); *see also* **Georgiades v. Martin-Trigona**, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear pro se but is not qualified to appear in [federal] court as counsel for others"). As these Objections apparently did not come from petitioner, nor has any counsel appeared on petitioner's behalf, this Court believes it would be within its discretion to strike these Objections entirely. *See, e.g.*, **United States v. Soto**, 718 F. App'x 671, 675 (10th Cir. 2017) ("[Petitioner] also argues the district court abused its discretion when it 'overruled' the 'pro se' motion to withdraw the guilty plea. The problem with this argument is that [petitioner] never filed a pro se motion to withdraw his guilty plea. A third party with no connection to [petitioner] filed a fraudulent motion with a forged signature. Once the district court determined the motion was not filed by [petitioner], it struck the motion—the motion was not overruled. The district court did not abuse its discretion in striking the motion."). Nonetheless, as no other objections were filed, this Court will give petitioner the benefit of the doubt and consider "her" Objections on the merits.

2

counsel's erroneous assurance that he would not be deported as a result of pleading guilty. Petitioner maintains that *Lee* is "a substantive non-constitutional [S]upreme [C]ourt interpretation that is retroactively applicable" to her case. [Id.]. Petitioner further alleges that like in *Lee*, she did not have a plea agreement that speaks to immigration consequences, nor was she advised of those consequences at the Rule 11 hearing. For relief, petitioner is requesting an evidentiary hearing to allow her to demonstrate that the *Lee* case is applicable to her on collateral review.

Magistrate Judge Mazzone concluded that "[b]ecause the Petitioner cannot satisfy the savings clause of § 2255(e) under either *Jones* [*In re Jones*, 226 F.3d 328 (4th Cir. 2000)] or *Wheeler* [*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018)], her claim may not be considered under § 2241, and this Court is without jurisdiction to consider her petition" [Doc. 7 at 11]. In reaching this conclusion, Magistrate Judge Mazzone found the following:

> Although Petitioner has raised the savings clause, she is not entitled to its application. Even if she satisfied the first and third elements of *Jones*, the crimes for which she was convicted remain criminal offenses, and therefore, she cannot satisfy the second element of *Jones*. Moreover, even if the Court were to entertain her petition, which, in effect, argues ineffective assistance of counsel, it is clear she would not be entitled to relief. Despite her assertion to the contrary, she was specifically advised at her Rule 11 hearing that she would face deportation proceedings as the result of her conviction, and she acknowledged that fact. Therefore, she cannot satisfy the requirements of **Strickland v. Washington**, 466 U.S. 668 (1984).

[Doc. 7 at 9]. Magistrate Judge Mazzone also addressed petitioner's apparent challenge to her sentence as a violation of her plea agreement (although such challenge was not raised in her petition but rather in an attached memo), where petitioner argued the plea agreement was violated because she was assigned a higher base offense level at sentencing than what was

called for in the plea agreement. Magistrate Judge Mazzone found that such challenge could not satisfy either the second, third, or fourth prong of **Wheeler**. *See* [Id. at 9–10]. Finally, Magistrate Judge Mazzone found that "[b]ecause the Petitioner was sentenced under the post-**Booker**, advisory Guidelines, regardless of whether this was a misapplication of those guidelines, the law in this Circuit makes clear that [petitioner] cannot satisfy the fourth **Wheeler** prong, and, therefore, fails to satisfy the § 2255(e) savings clause" [Id. at 10–11].

In her Objections, petitioner does not address any of Magistrate Judge Mazzone's findings with regard to her apparent challenge to her sentence as a violation of her plea agreement. Instead, petitioner merely reiterates her argument that her claim is the same as the petitioner in **Lee**, in that "there is no evidence that deportation was discussed with her, there is no evidence in the plea agreement that she was aware of the deportation consequences and there is no evidence that she was advised of those consequences at the Rule 11 hearing" [Doc. 9 at 1]. Petitioner also disagrees with Magistrate Judge Mazzone's finding that her claim may not be considered under § 2241 because she cannot satisfy the savings clause of § 2255(e) under either **Jones** or **Wheeler**, but petitioner gives no substantive argument in this regard. Petitioner merely lists the **Jones** elements, and then states that her "case meets these requirements and is appropriately brought through the 2255 savings clause in a 2241 petition," [id. at 2], without any further elaboration.

Upon consideration, petitioner's Objections **[Doc. 9]** are **OVERRULED**. As Magistrate Judge Mazzone correctly noted, the crimes for which petitioner was convicted—Conspiracy to Possess 1,000 Kilograms of More of Marijuana with Intent to Distribute (21 U.S.C. § 846) and Conspiracy to Launder Monetary Instruments (18 U.S.C.

4

§ 1956(h))—remain criminal offenses, and therefore petitioner cannot satisfy the second element of *Jones*. Furthermore, as Magistrate Judge Mazzone also correctly found, petitioner would not be entitled to relief even if the Court were to entertain her petition.

While petitioner continues to draw comparisons to the petitioner in *Lee*, the two are in fact very different. In *Lee*, the petitioner "repeatedly asked [his attorney] whether he would face deportation as a result of the criminal proceedings," to which his attorney "assured him there was nothing to worry about—the Government would not deport him if he pleaded guilty," and the petitioner accepted the plea "*[b]ased on that assurance*." *Lee*, 137 S.Ct. at 1962–63 (emphasis added). Furthermore, during the plea colloquy, "[w]hen the judge warned him that a conviction 'could result in your being deported,' and asked 'does that at all affect your decision about whether you want to plead guilty or not,' Lee answered 'Yes, Your Honor.'" *Id.* at 1968. "Only when Lee's counsel assured him that the judge's statement was a 'standard warning' was Lee willing to proceed to plead guilty." *Id.*

Here, petitioner does not allege the same sort of blatantly erroneous behavior by her attorney. Instead, petitioner merely argues that she "does not have a plea agreement that speaks to immigration consequences, nor was she advised of those consequences that the Rule 11 hearing" [Doc. 1-1 at 5]. Petitioner makes no claim that her attorney positively assured her that she would not be deported as a result of pleading guilty. Furthermore, despite petitioner's assertions to the contrary, petitioner was specifically advised at her Rule 11 hearing that she would face deportation proceedings as a result of her conviction. When petitioner's counsel advised the court that petitioner was not a United States citizen, the following exchange took place:

5

> **THE COURT**: In addition to the penalties I have already mentioned, Ms. Bowen, do you understand that you will likely suffer an adverse immigration consequence as a result of your conviction for these crimes? *Specifically, upon your release from prison, you will be turned over to Immigration and Customs Enforcement for deportation proceedings.*
>
> **SANDRA MARIE BOWEN**: Yes, Your Honor.

[D. Ariz. Criminal Action No. 2:09-CR-679, Doc. 353 at 20] (emphasis added). Accordingly, this Court finds petitioner's reliance on *Lee* to be unpersuasive. Thus, even if petitioner could satisfy the savings clause of § 2255(e) under either *Jones* or *Wheeler*, she would not be entitled to relief.

Therefore, for the reasons set forth above, this Court hereby **ORDERS** that petitioner's Objections **[Doc. 9]** are **OVERRULED** and that Magistrate Judge Mazzone's Report and Recommendation **[Doc. 7]** is hereby **ADOPTED**. Accordingly, petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[Doc. 1]** is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. The Clerk is **DIRECTED** to enter judgment in favor of the respondent and to **STRIKE** this action from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED**: October 21, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE